# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00551-CV

**In re Ronald D. Patton**

## ORIGINAL PROCEEDING FROM TRAVIS COUNTY

## M E M O R A N D U M   O P I N I O N

Relator Ronald D. Patton has filed an original petition for pretrial writ of habeas corpus claiming that he has been denied access to the criminal courts and prevented from "enforcing federal civil rights in a state court judicial process" and that the length of his pretrial detention "for a single offense" constitutes an "unconstitutional confinement." Patton requests that we grant his petition and order his release.[1]

This Court's original jurisdiction to issue a writ of habeas corpus is limited to those cases in which a person's liberty is restrained because the person has violated an order, judgment, or decree entered in a civil case. Tex. Gov't Code § 22.221(d). Original jurisdiction to grant a pretrial writ of habeas corpus is vested in the Court of Criminal Appeals, the district court, the county courts, or a judge of those courts. *See* Tex. Code Crim. Proc. art. 11.05; *see also id*. art. 11.08 (person confined after indictment of felony "may apply to the judge of the court in which he is indicted").

---

[1] Patton recently filed a petition for writ of mandamus in which he made similar arguments, and we denied his petition for relief. *See In re Patton*, No. 03-15-00487-CV, 2015 WL 4908986, at *1 (Tex. App.—Austin Aug. 14, 2015, orig. proceeding) (mem. op.).

Although the record before us is incomplete, it does not appear that Patton's complaint concerns the violation of an order, judgment, or decree entered in a civil case. *See* Tex. Gov't Code § 22.221(d). In addition, although this Court has jurisdiction in certain circumstances to review a denial of an application for pretrial writ of habeas corpus, there is no indication that Patton has filed an application in the trial court or that he seeks review of a denial of an application. *See Ex parte Ellis*, 309 S.W.3d 71, 79 (Tex. Crim. App. 2010) (noting that interlocutory appeal of pretrial habeas is an "extraordinary remedy" and should not be used to "secure pretrial appellate review of matters" that should not be decided at pretrial stage). Accordingly, we dismiss Patton's petition for writ of habeas corpus for lack of jurisdiction.

_____

Scott K. Field, Justice

Before Chief Justice Rose, Justices Pemberton and Field

Filed:   September 25, 2015

2